MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
    Telephone: (408) 535-5061
    Fax:  (408) 535-5066
    E-Mail: Jeffrey.b.schenk@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 12-00887 EJD |
|---|---|
| Plaintiff, | ) |
| v. | ) STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS |
| PATRICIA DELATORRE, et al. | ) |
| Defendants. | ) |

    With the agreement of the parties and defendants' consent, the Court enters the following Order.

    The Defendants in these criminal proceedings have issued a subpoena to the Department of Homeland Security, U.S. Citizenship and Immigration Services, San Francisco Asylum Office, seeking production of immigration file relating to SHR, a witness in the criminal proceeding.  Much of the immigration file includes personal identifying information of a purported victim and witness to the alleged crime.  In addition, the file contains asylum related information that is protected from disclosure by 8 C.F.R. § 208.6.  On July 8, 2014, the court ordered the issuance and service of the subpoena.  The government agrees to provide a copy of the requested file, hereinafter referred to as the

1  IMMIGRATION FILE or "subject material," to defense counsel pursuant to a protective order.  Such
2  materials are deemed produced pursuant to the following restrictions:

3      1.    Except when actively being examined for the purpose of the preparation of the
4  defense of defendant, the IMMIGRATION FILE shall be maintained in a safe and secure drawer,
5  cabinet, or safe or password-protected electronic device (e.g., computer, memory stick), which is
6  accessible only to defense counsel, members of his or her law firm who are working with him or her to
7  prepare defendant's defense, and his or her investigator(s).  Defense counsel, members of his or her law
8  firm, defendant, and the investigator(s) shall not permit any person access of any kind to the
9  IMMIGRATION FILE except as set forth below.

10      2.    The following individuals may examine the IMMIGRATION FILE for the sole
11  purpose of preparing the defense of defendant and for no other purpose:

12      a)    counsel for defendant;
13      b)    members of defense counsel's law office who are assisting with the
14          preparation of defendant's defense;
15      c)    defendant, but only in the presence of defense counsel or another
16          authorized person listed in this paragraph (defendant may not take or
17          maintain the IMMIGRATION FILE or copies thereof); and
18      d)    investigators retained by defendant to assist in the defense of this matter.
19      If defense counsel determines that additional persons are needed to review the
20  IMMIGRATION FILE, he or she must obtain a further order of the Court before allowing any other
21  individual to review the materials.

22      3.    A copy of this Order shall be maintained with the IMMIGRATION FILE at all
23  times.

24      4.    All individuals other than defense counsel and defendant who receive access to
25  the IMMIGRATION FILE, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order
26  acknowledging that:

27      a)    they have reviewed the Order;
28      b)    they understand its contents;

1          c)      they agree that they will only access the IMMIGRATION FILE for the purposes of preparing a defense for defendant; and

3          d)      they understand that failure to abide by this Order may result in sanctions by this Court.

5        Counsel for defendant shall either: (1) send signed copies of the Order to counsel for the United States; or (2) file signed copies of the Order, ex parte and under seal. The United States shall have no access to the signed copies filed under seal without further order of the Court.

8      5.      No other person shall be allowed to examine the IMMIGRATION FILE without further order of the Court. Examination of the IMMIGRATION FILE shall be done in a secure environment which will not expose the materials to other individuals not listed above.

11      6.      The IMMIGRATION FILE may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

13      7.      If the IMMIGRATION FILE is attached to any pleadings or other court submissions, the IMMIGRATION FILE and any pleadings or submissions referencing those materials shall be filed or lodged under seal, or the personally identifying information shall be redacted, as set forth in Federal Rule of Criminal Procedure 49.1.

17      8.      Counsel for the defendant shall retrieve and maintain or destroy the IMMIGRATION FILE (and any duplicate copies of the same) disclosed pursuant to paragraph 2 above within fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal. Once the IMMIGRATION FILE (and any duplicate copies of the same) are retrieved, Counsel for the defendant shall not disclose the IMMIGRATION FILE to anyone without further order of the Court permitting such disclosure.

24      9.      After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the IMMIGRATION FILE. The United States will maintain the IMMIGRATION FILE until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the IMMIGRATION FILE. In the event defendant is represented by counsel

1  and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy
2  of the IMMIGRATION FILE under the same restrictions as trial and direct appeal defense counsel.
3  Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen
4  calendar days after the district court's ruling on the motion or fourteen calendar days after the
5  conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

6      By signing below, defense counsel acknowledges the terms of this Protective Order and undertakes
7  the obligation to disclose the existence and terms of this Order to any other person who is authorized to
8  receive the subject material, including the defendant, investigators, staff, and subsequent attorneys
9  authorized to represent the defendant.

                                            MELINDA HAAG
                                            United States Attorney

Dated: October 9, 2014                    /s/_____
                                            JEFF SCHENK
                                            Assistant United States Attorney

                                            /s/_____
Dated: October 9, 2014                    PETER GOLDSCHEIDER
                                            Counsel for defendant PATRICIA DELATORRE

     IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: October 9, 2014                  _____
                                            HONORABLE PAUL S. GREWAL
                                            United States Magistrate Judge